UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                 Case Number 05-20043-BC
                  Honorable Thomas L. Ludington

KEITH E. KALLSTROM,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR COMPETENCY EXAMINATION

On January 3, 2007, a jury trial commenced for a seven-count indictment against Defendant Keith Kallstrom. On January 8, 2007, the date calendared for opening statements, Defendant reported his belief that he was experiencing medical problems. Prior to entering the courtroom, he received medical attention, including an examination by a paramedic from an ambulance team. The paramedic could not identify a medical problem. Shortly after he appeared in the courtroom, Defendant fell from his chair. The paramedic that examined him on the second occasion identified what he thought might be an unusual heart rhythm. The trial was adjourned to permit Defendant to be transported to a hospital, after the Court secured his promise that he would not unreasonably refuse treatment. Defendant was returned to Court, after he refused to permit either a blood draw or an intravenous feeding line. The medical professionals could not otherwise identify any other justification for his hospitalization.

During the course of trial, Defendant would periodically stand and be reseated. Defendant would also volunteer motions to dismiss the case in the midst of witness examination. In addition, Defendant required significant discipline by the jail staff during the periods of his confinement for

trial. *See* Court Exhibits #1 & 2.

Previously, the government made a motion on November 23, 2005 for a psychiatric exam for Defendant. Defendant opposed that motion. On November 29, 2005, the magistrate judge denied that motion without prejudice. On January 10, 2007, defense counsel made a motion for a hearing, under 18 U.S.C. § 4241, to determine the competency of Defendant. The Court took the motion under advisement to further observe Defendant, because he otherwise appeared to maintain his intellectual and mental faculties and appeared simply to have elected to engage in obstructionist activity. Notwithstanding that observation, by the end of the trial, Defendant was no longer communicating with or assisting his attorney, and the Court was no longer competent to assess whether Defendant's behavior was the result of inattentive obstruction or, alternatively, legitimate mental impairment.

Accordingly, it is **ORDERED** that defense counsel's motion for a competency hearing is **GRANTED**.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 4247(b) & (c), a psychiatrist or psychiatrists employed by the Federal Bureau of Prisons, be and are hereby appointed, authorized, and directed to examine the mental condition of Defendant and to make a written report to this Court of their findings as soon as practicable, in which report the said psychiatrists should state their opinions as to Defendant's mental competency. Said evaluation shall not exceed thirty (30) days.

It is further **ORDERED** that the United States Marshal forthwith transport Defendant as needed for said evaluation and return him after said evaluation is completed.

                                                      s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
Dated: January 17, 2007                  United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 17, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS